

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED, a Canadian corporation, and RESEARCH IN MOTION CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>INPRO II LICENSING S.À R.L., a foreign corporation,<br><br>Defendant. | COMPLAINT FOR DECLARATORY JUDGMENT<br><br>NO. 303CV2669-N<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Research In Motion Limited ("RIM") and Research In Motion Corporation ("RIM Corp.") by their attorneys and for their declaratory judgment complaint against InPro II Licensing S.à r.l. ("Inpro"), allege as follows:

1. This is an action by RIM and RIM Corp. against Inpro for a declaratory judgment that United States Patent No. 5,793,957 (the "'957 patent") and United States Patent No. 6,523,079 (the "'079 patent") are invalid and/or are not infringed by the manufacture, use, sale, offer for sale, or importation of any of their products or services.

## THE PARTIES

2. Plaintiff, RIM, is a corporation organized under the laws of Ontario, Canada and having a principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8. RIM does business globally.

3. Plaintiff, RIM Corp., is a corporation organized under the laws of Delaware and having offices in Irving, Texas. RIM Corp. is the United States distributor of RIM products and services.

4. On information and belief, Defendant Inpro is a foreign corporation governed by the laws of Luxembourg, having a principal place of business at 9, rue Schiller, L-2519, Luxembourg, and has, *inter alia*, availed itself of the laws of the United States.

## JURISDICTION

5. This cause of action arises under the Patent Laws of the United States, Title 35, United States Code 101, et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201 and 2202. On information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs, and thus this Court has jurisdiction under 28 U.S.C. § 1332. This Court has personal jurisdiction over Inpro pursuant to, *inter alia*, Fed. R. Civ. P. 4(k)(2).

6. Plaintiffs' cause of action for a declaration of patent invalidity and/or non-infringement arises under federal law.

7. On information and belief, Inpro is not subject to the jurisdiction of the courts of general jurisdiction of any state.

8. This Court's exercise of personal jurisdiction over Inpro satisfies the constitutional requirements of due process because Inpro has, in the aggregate, sufficient minimum contacts with the United States as a whole.

9. For example, Inpro has contacts with at least Washington, California, and Massachusetts relating to Plaintiffs' cause of action. Between the period of May 2 and May 21, 2003, Inpro sent letters to Plaintiffs' customers and/or distributors in various states,

including Washington, California, and Massachusetts accusing each customer or distributor of directly or indirectly infringing the '957 and '079 patents by their sale and promotion of RIM's BlackBerry™ line of products.

10. On information and belief, Inpro has additional contacts with the United States relating to Plaintiffs' cause of action, based on its agents' activities, including without limitation, contacts with the United States Patent and Trademark Office.

## VENUE

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1391(d).

## BACKGROUND

12. RIM is a leading designer, manufacturer and marketer of innovative wireless solutions for the worldwide mobile communications market. Through the development of hardware, software and services that support multiple wireless network standards, RIM provides platforms and solutions for access to important information including email, phone, short message service messaging, Internet and intranet-based applications. RIM's BlackBerry™ products and services enable mobile professionals and other end users to achieve a better and more rapid access to and connectivity with their email content.

13. RIM's portfolio of award-winning products, services and embedded technologies are used by thousands of organizations around the world and include the BlackBerry™ wireless platform, the RIM Wireless Handheld™ product line, software development tools, radio-modems and software/hardware licensing agreements. RIM Corp. distributes RIM's products and services in the United States.

14. On information and belief, Inpro's principal activity is the acquisition and exploitation of intellectual and industrial property rights in the United States and elsewhere.

15. On information and belief, the '957 patent entitled "SATELLITE DIGITAL ASSISTANT AND HOST/SATELLITE COMPUTER SYSTEM WHEREIN COUPLING THE HOST AND THE SATELLITE BY A HOST INTERFACE COMMUNICATION SYSTEM RESULTS IN DIGITAL COMMUNICATION AND SYNCHRONIZATION OF FILES" issued on August 11, 1998 in the name of Dan Kikinis, Pascal Dornier, and William J. Seiller. On information and belief, the '957 patent is assigned to Inpro. A copy of the '957 patent is attached hereto as Exhibit A.

16. On information and belief, the '079 patent entitled "MICROPERSONAL DIGITAL ASSISTANT" issued on February 18, 2003, to Dan Kikinis, Pascal Dornier, and William J. Seiller. On information and belief, the '079 patent is assigned to Inpro. A copy of the '079 patent is attached hereto as Exhibit B.

17. Inpro has accused RIM and Plaintiffs' customers and/or distributors, including its United States customers and/or distributors, of infringing certain claims of the '957 and '079 patents by their sale and promotion of RIM's BlackBerry™ line of products. Inpro's actions reveal its intentions to enforce its patents against Plaintiffs. There is a substantial and continuing justiciable controversy between Plaintiffs and Defendant as to Defendant's right to threaten or maintain suit for infringement of the '079 and '957 patents, and as to the validity, scope, and enforceability thereof.

18. Plaintiffs have a reasonable apprehension that Inpro will institute litigation against them in the United States for alleged infringement of the '957 and '079 patents, and therefore an actual and justiciable controversy exists between Plaintiffs and Inpro with respect to invalidity and/or non-infringement of the claims of the '957 and '079 patents.

### DECLARATORY JUDGMENT AGAINST THE '957 AND '079 PATENTS

19.     Plaintiffs incorporate and re-allege all prior paragraphs of this Complaint as if fully set forth herein.

20.     Plaintiffs seek a declaratory judgment that the claims of each of the '957 and '079 patents are invalid and void for failure to comply with one or more of the statutory conditions of patentability set forth in at least 35 U.S.C. §§ 102, 103 and 112, and/or that the manufacture, use, sale, offer for sale, or importation of any of Plaintiffs' products or services, including the BlackBerry™ products and services, do not infringe the claims of the '957 or '079 patents.

WHEREFORE, Plaintiffs respectfully request that this Court enter Judgment on this Complaint in their favor that:

a.      the claims of the '957 patent and/or the '079 patent are invalid and/or are not infringed directly or indirectly by RIM, RIM Corp., their customers, or any distributor or user, by the manufacture, use, sale, offer for sale, or importation of any of RIM's products or services, including the BlackBerry™ products and services provided therefrom;

b.      Defendant Inpro, and all officers, agents, employees, representatives and counsel thereof, all licenses, and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from charging infringement of, or instituting any action for infringement of, the '957 and '079 patents against Plaintiffs, their customers, or any distributor or user of their products or services;

473604.4

c.  that this case be deemed exceptional under 35 U.S.C. § 285, and Plaintiffs be awarded reasonable attorneys' fees incurred in this action; and

d  Plaintiffs be awarded such other and further relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, RIM and RIM Corp respectfully demand a trial by jury on all issues that are properly triable to a jury in this action.

Respectfully,

Dated: October 31st, 2003

FOR RESEARCH IN MOTION LIMITED
AND RESEARCH IN MOTION
CORPORATION

_____

Of Counsel:
Thomas F. Fleming
Leora Ben-Ami
Mitchell S. Feller
James V. Mahon
Clifford Chance US LLP
200 Park Avenue
New York, New York 10166-0153
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

Frank C. Cimino, Jr.
Clifford Chance US LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 912-5000
Facsimile: (202) 912-6000

William C. Norvell, Jr.
SBN #15113000
Scott D. Marrs
SBN #13013400
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

Kelly H. Kolb
SBN #11663050
Bryan P. Stevenson
SBN #24025659
Beirne, Maynard & Parsons, L.L.P.
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

473604.4